```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
In re:                               |
                                     |
TRACE INTERNATIONAL HOLDINGS, INC.,  |
et al.,                              |
                                     |
               Debtors.              |
-------------------------------------X
JOHN S. PEREIRA, as CHAPTER 7        |
TRUSTEE of TRACE INTERNATIONAL       |
HOLDINGS, INC.,                      |
et al.,                              |
                                     |
               Plaintiff-Appellant,  |   04 Civ. 1295 (KMW)
                                     |
     -against-                       |   OPINION AND ORDER
                                     |
DOW CHEMICAL COMPANY,                |
                                     |
               Defendant-Appellee.   |
-------------------------------------X
```

KIMBA M. WOOD, U.S.D.J.:

     Defendant-Appellee Dow Chemical Company ("Dow") moves to
certify for interlocutory appeal, pursuant to 28 U.S.C. § 1292(b)
and Fed. R. App. P. 5(a)(3), this Court's June 25, 2009 Opinion
and Order ("June 25 Order"), which vacated a decision of the
United States Bankruptcy Court for the Southern District of New
York.  The Court's June 25 Order found that the Bankruptcy Court
abused its discretion in granting summary judgment in favor of
Dow on a theory that Plaintiff-Appellant John S. Pereira, as
Chapter 7 Trustee (the "Trustee") of Trace International
Holdings, Inc., and its related entities (collectively "Trace"),

1

was judicially estopped from arguing that certain payments Trace made to Dow were illegal dividend payments.  For the reasons stated below, the Court GRANTS Dow's motion and certifies the June 25 Order for interlocutory appeal.

**BACKGROUND**

The facts and procedural history underlying this case are set forth in this Court's and the Bankruptcy Court's previous opinions, familiarity with which is assumed.[1]  They are summarized here only to the extent that they are relevant.

I.   The Payments

The payments that are the subject of this action arose out of a transaction between Trace and Dow that was brokered via a third party, BSI Acquisitions Corp. ("BSI").  BSI's transaction with Trace was structured as a purchase of preferred stock, and Trace's payments to BSI were characterized as <u>dividends</u> on that stock.  Dow's transaction with BSI, however, was structured as a loan, and BSI's payments to Dow were characterized as payments on that <u>debt</u>.  In the Bankruptcy Court proceedings below, these two transactions have been collapsed into a single transaction such

---

[1] See, e.g., <u>Pereira v. Dow Chemical Co.</u> (<u>In re Trace Int'l Holdings, Inc.</u>), 287 B.R. 98 (Bankr. S.D.N.Y. 2002) ("<u>Dow I</u>"); <u>Pereira v. Dow Chem. Co.</u> (<u>In re Trace Int'l Holdings, Inc.</u>), 301 B.R. 801 (Bankr. S.D.N.Y. 2003) ("<u>Dow II</u>"); Order, Sept. 12, 2006 (the "2006 Order"); Order, June 25, 2009.

that payments from Trace to BSI and from BSI to Dow are treated as payments directly from Trace to Dow (the "Payments").[2]

II.   Characterization of the Payments

In the instant action before the Bankruptcy Court, the Trustee characterized the Payments as both liabilities and dividends.  Specifically, the Trustee argued that the Payments should be treated as liabilities for the purposes of determining Trace's insolvency ("valuation purposes"), and that the Payments should be treated as dividends for the purposes of determining whether the Payments were fraudulent transfers ("legality purposes") (the Trustee's "Bankruptcy Court Position").[3]

After commencing the instant action, the Trustee brought a separate lawsuit before Judge Sweet against the officers and directors of Trace.  Pereira v. Cogan, 294 B.R. 449 (S.D.N.Y. 2003) ("Cogan").  The Trustee advanced the same position in the District Court action, that the Payments were liabilities for valuation purposes, and dividends for legality purposes (the Trustee's "Cogan Position").

---

[2] See Dow II, 301 B.R. at 803 n.1; June 25 Order at 1.

[3] As the Court noted in its June 25 Order: "For purposes of determining insolvency, liabilities reduce solvency; dividends, generally, do not.  For purposes of determining the legality of payments, payments on a debt incurred before becoming insolvent (an "antecedent debt"), cannot be fraudulent transfers.  However, dividends paid after becoming insolvent can be fraudulent transfers."

During the instant action's pendency before the Bankruptcy Court, Judge Sweet adopted <u>both</u> of the Trustee's arguments in <u>Cogan</u>, holding that the Payments were debts for valuation purposes and dividends for legality purposes.[4]  Judge Sweet did so notwithstanding the apparent inconsistency between these findings.[5]

III. <u>Judicial Estoppel</u>

Thereafter, the Bankruptcy Court, in deciding a motion by Dow for summary judgment, judicially estopped the Trustee from arguing that the Payments were dividends.  The Bankruptcy Court did so on the ground that the Trustee had argued to Judge Sweet that the Payments were liabilities for valuation purposes, and Judge Sweet had adopted this characterization of the Payments.[6]  The Bankruptcy Court described this as a "novel application of judicial estoppel to inconsistent positions, both of which were

---

[4] On appeal, the Second Circuit vacated the judgment in the district court action.  <u>Pereira v. Farace</u>, 413 F.3d 330 (2d Cir. 2005) ("<u>Cogan II</u>").

[5] The Bankruptcy Court below found, with respect to the apparent inconsistency, that: "The parties to the District Court did not, however, raise the issue, and Judge Sweet did not decide it."  <u>Dow II</u>, 301 B.R. at 807.

[6] Courts may apply judicial estoppel when (1) a party asserts a factual position in a legal proceeding that is clearly inconsistent with a position the party took in a prior proceeding, and (2) that prior inconsistent position was adopted by the court in some manner.  <u>See Maharaj v. BankAmerica Corp.</u>, 128 F.3d 94, 98 (2d Cir. 1997).

4

taken successfully by the plaintiff in an earlier action against different parties."  <u>Dow II</u>, 301 B.R. at 802.

On appeal, this Court reversed and vacated the Bankruptcy Court's decision as an abuse of discretion.[7]  The Court held that the Bankruptcy Court erred in its application of the judicial estoppel doctrine and that its decision "cannot be located within the range of permissible decisions."  Specifically, the Court concluded that judicial estoppel was inapplicable because the Trustee took the <u>same</u> internally inconsistent position in this proceeding that he advanced in the prior proceeding before Judge Sweet:  that the Payments should be treated as debt for valuation purposes and dividends for legality purposes.  The Court concluded that, under these circumstances, estopping the Trustee from arguing that the Payments were dividends "satisfies neither the logic nor the purposes of the judicial estoppel doctrine." The Court's reasoning is set forth in its June 25 Order.

_____

[7] Judicial estoppel is an equitable doctrine that can be evoked at a court's discretion, <u>see</u> <u>New Hampshire v. Maine</u>, 532 U.S. 742, 750 (2001), and is reviewed for abuse of discretion, <u>see</u> <u>Endico Potatoes, Inc. v. CIT Grp./Factoring, Inc.</u>, 67 F.3d 1063, 1071-72 (2d Cir. 1995).  A court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision - though not necessarily the product of a legal error or a clearly erroneous factual finding - cannot be located within the range of permissible decisions."  <u>Zervos v. Verizon New York, Inc.</u>, 252 F.3d 163, 169 (2d Cir. 2001).

**DISCUSSION**

Dow asks this Court to certify its June 25 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), and to amend its June 25 Order pursuant to Fed. R. App. P. 5(a)(3) to include the required permission to appeal.  For the reasons set forth below, the Court grants Dow's motion.[8]

I.   Legal Standard

28 U.S.C. § 1292(b) provides that a district court may certify an order for interlocutory appeal,[9] if it is of the opinion that (1) the order "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "that an immediate appeal of the order may materially advance the ultimate termination of the litigation."  This determination lies within the discretion of the district court.  Martens v. Smith Barney, Inc., 238 F. Supp. 2d 596, 599

_____

[8] "[S]ection 1292(b) authorizes certification of orders for interlocutory appeal, not certification of questions."  Isra Fruit Ltd. v. Agrexco Agricultural Export Co., 804 F.2d 24, 25 (2d Cir. 1986) (emphasis in original).  To the extent it is helpful for the district court to frame the controlling question it believes is presented by the order, id., it is this:  "Is it outside the range of permissible discretion for a court to hold that judicial estoppel precludes a party that has prevailed on two internally inconsistent positions in a prior proceeding from relying on either of those positions in a subsequent proceeding?"

[9] Section 1292(b) applies to orders of the district court, including those made in bankruptcy appeals.  Conn. Nat'l Bank v. Germain, 503 U.S. 249 (1992).

(S.D.N.Y. 2002).

Interlocutory appeals under Section 1292(b) are an exception to the general rule of postponing appellate review until after the entry of final judgment.  In re Flor, 79 F.3d 281, 281 (2d Cir. 1996).  "The power to grant an interlocutory appeal must be strictly limited to the precise conditions stated in the law," Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir. 1990), and a district court is to "exercise great care in making a § 1292(b) certification."  Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp., 964 F.2d 85, 89 (2d Cir. 1992).

The Second Circuit has explained that Congress passed § 1292(b) to ensure that "the courts of appeals would be able to "'rule on . . . ephemeral question[s] of law that m[ight] disappear in the light of a complete and final record.'"  Weber v. U.S. Tr., 484 F.3d 154, 159 (2d Cir. 2007) (quoting Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 864 (2d Cir. 1996)); see also Weber, 484 F.3d at 159 ("Congress also sought to assure the prompt resolution of knotty legal problems.").  "The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation."  Koehler, 101 F.3d at 866-67.

II.  Application

A.  Controlling Question of Law

"[I]t is clear that a question of law is 'controlling' if

7

reversal of the district court's order would terminate the action." Klinghoffer, 921 F.2d at 24.  The question of whether judicial estoppel applies to the Trustee's claim is controlling because to reverse the Court's June 25 Order and reinstate the Bankruptcy Court ruling would terminate the Trustee's action against Dow.  A finding that the Trustee is judicially estopped from arguing that the Payments were dividends, based on the Trusteee's prior success in characterizing them as debts for liability purposes, would leave no basis for the Trustee to pursue its fraudulent transfer claim against Dow.

     B.   <u>Substantial Ground for Difference of Opinion</u>

The requirement of § 1292(b) that there be a "substantial ground for difference of opinion" is satisfied where (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult, and one of first impression in the Second Circuit. Klinghoffer, 921 F.2d at 25; see Padilla v. Rumsfeld, 256 F. Supp. 2d 218, 221 (S.D.N.Y. 2003) ("Courts have certified orders for interlocutory appeal when the issues they raise are difficult and novel, in addition to being potentially dispositive.").  "[T]he mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion." In re Flor, 79 F.3d at 284 (2d Cir. 1996).

In this case, the Court finds certification appropriate given the difficult issue of apparent first impression in this bankruptcy appeal:  whether it was outside the range of permissible decisions to rule that judicial estoppel precludes a party from advancing either of two internally inconsistent positions, <u>both</u> of which were adopted by a court in a prior proceeding.

Given the absence of on-point authority, the Court analyzed the purposes of the judicial estoppel doctrine in its June 25 Order.  A reviewing court will have to decide if those purposes are best served by permitting the Trustee to advance its overall position that the Payments were both liabilities and dividends (as this Court found),[10] or by preventing the Trustee from continuing to advance either position (as the Bankruptcy Court found).  Although the Court believes its approach best serves the interests of judicial integrity underlying that doctrine, the Court is "of the opinion" that "there is a substantial ground for difference of opinion" as to whether the Bankruptcy Court's ruling is outside the range of permissible decisions.

C.   <u>Materially Advance Ultimate Termination of Litigation</u>

---

[10] As the Court noted in its June 25 Order, the Bankruptcy Court will then have to determine what the Payments are: liabilities or dividends.

_____   The requirement that an immediate appeal will "materially advance the ultimate termination of the litigation" is also satisfied here.  If Dow prevails in its appeal to reinstate the Court's judgment, it will bring the adversary proceeding to a conclusion.  If the case is remanded to the Bankruptcy Court for further proceedings, discovery will need to be completed and there will be the possibility of further dispositive motions. The risk of short-term delay is, therefore, outweighed by the potential advantage of materially advancing the <u>ultimate termination</u> of the litigation.

III. **<u>CONCLUSION</u>**

For the reasons stated above, the Court finds that the June 25, 2009 Opinion and Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the opinion and order may materially advance the ultimate termination of the instant litigation."  28 U.S.C. § 1292(b).  Pursuant to Fed. R. App. P. 5(a)(3), the Court is today issuing a separate Order amending the Court's June 25 Order to include the required certification for interlocutory appeal.[11]

SO ORDERED.

_____

[11] Except to the extent indicated herein, nothing in this Order shall be construed to modify the Court's June 25 Order.

Dated:     New York, New York
           October 20, 2009

_____
              Kimba M. Wood
     United States District Judge